UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LISA GRANT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-116 RL |
| | ) | |
| HOMIER DISTRIBUTING CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On August 18, 2006, Plaintiffs filed a complaint in the Eastern District of New York (EDNY). On March 19, 2007, the EDNY transferred this case to this Court pursuant to 28 U.S.C. § 1404(a). Defendant claims they asked the EDNY to specifically transfer it to the Fort Wayne District. However, because the EDNY did not specify what district the case would be transferred to, the case was randomly transferred to the South Bend District. Defendant now asks this Court to transfer this case pursuant to 28 U.S.C. § 1404(b) from the South Bend District to the Fort Wayne District, even though venue is technically proper.

Under 28 U.S.C. § 1404(b):

> Upon motion, . . . any action, suit, or proceeding of a civil nature . . . may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

Defendant argues that this case should be transferred to Fort Wayne because 1) the Defendant corporation is located in the Fort Wayne District, and 2) the Fort Wayne Division has handled a similar action against the Defendant in 2005.

When venue is proper, as it is in this case, and a party requests transfer, a court considers the convenience of the venue. See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir.

1986); Anderson v. Norman Rice Painting, Inc., 2003 WL 22053107 at 1 (N.D. Ill. 2003). Therefore, this Court considers the convenience of the parties, the convenience of the witnesses, and the interests of justice. See 28 U.S.C. § 1404(a). Defendant, as the movant, has the burden of establishing that the proposed forum is more convenient than the current forum. See Coffey, 796 F.2d at 219-20.

Defendant's reasons for transfer relate solely to the convenience of the parties, and more specifically, to the Defendant's convenience. However, Plaintiffs indicate that it is not convenient for them to have another transfer. Defendant does not indicate that it would be more convenient for the witnesses or that it would be in the interests of justice to transfer this case.[1] Therefore, this Court is not certain that it would be more convenient to the parties or witnesses to transfer this case to the Fort Wayne division even though it might be more convenient for the Defendant. This Court will not transfer this case merely because one party desires a transfer.

Plaintiffs, on the other hand, argue that it is not in the interests of justice to transfer this case because it would result in more delay. While the delay as a result of a transfer to another district of this Court would be minimal, this Court agrees with Plaintiffs that a transfer is not warranted in this case because even a minimal delay is not in the interests of justice. Defendant has simply failed to meet its burden in establishing that a transfer from South Bend to Fort Wayne would be more convenient for the parties and the witnesses. Further, Defendant has failed to establish that a transfer is in the interests of justice. Consequently, Defendant's motion to transfer is **DENIED** [Doc. No. 12].

---

[1] While the Fort Wayne District may have handled a similar case with the Defendant with similar law and facts, the South Bend District is just as capable of adequately handling this lawsuit. Thus, this Court does not find this reason to weight into the "interests of justice" factor.

**SO ORDERED.**

Dated this 10th Day of May, 2007.

<u>S/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge
