UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LISA GRANT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-116 JVB |
| | ) | |
| HOMIER DISTRIBUTING COMPANY, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On June 22, 2007, Plaintiffs filed a motion to compel production. In that same motion, Plaintiffs seek a protective order regarding various matters.[1] For the following reasons, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.   PROCEDURE**

Plaintiffs originally filed this case in the Eastern District of New York on August 18, 2006. Plaintiffs allege that Defendant Homier Distributing Company, Inc. (Homier) failed to pay Plaintiffs for overtime as required by the Fair Labor Standards Act (FLSA).

On March 19, 2007, this case was transferred to this Court. On March 28, 2007, this Court set a Fed. R. Civ. P. 16(b) conference to take place on May 15, 2007. On May 4, 2007, Plaintiffs filed a motion to compel. On June 7, 2007, this Court denied without prejudice Plaintiffs' motion to compel because the parties had failed to comply with the requirements of

---

[1]This Court notes that Plaintiffs' motion is a violation of the local rules. Local Rule 7.1(b) demands that "[e]ach motion **shall** be separate." N.D.L.R. 7.1(b) (emphasis added). Plaintiffs have sought a motion compelling discovery and a protective order in the same motion when each request should have been filed separately. Plaintiffs are advised to follow the local rules with future filings.

Local Rule 37.1.  This Court also cautioned Homier that under Fed. R. Civ. P. 33(b)(4) that objections to interrogatories must be specific.

After meeting and conferring, the parties were able to resolve some of the conflicts themselves, but they could not resolve all of them.  Consequently, on June 22, 2007, Plaintiffs renewed their motion to compel.  Plaintiffs also request a protective order in this motion.  On July 9, 2007, Homier filed a response in opposition to Plaintiffs' requests.  On July 23, 2007, Plaintiffs filed a reply in support of their motion.  This Court may rule on Plaintiffs' motion pursuant to its referral order and 28 U.S.C. 636(b)(1)(A).

**II.   ANALYSIS**

Plaintiffs' motion seeks two forms of relief.  First, Plaintiffs seek to compel answers to interrogatories and the production of certain documents.  Second, Plaintiffs seek to shift certain costs of litigation through a protective order.

A.   <u>Plaintiffs' Motion to Compel</u>

Plaintiffs make several requests for information via interrogatories under Fed. R. Civ. P. 33 and through requests for production of certain documents under Fed. R. Civ. P. 34.  Homier objects to either answering the interrogatories or producing documents by claiming that what Plaintiffs seek is irrelevant, overboard, or protected by the attorney-client privilege.

1.   <u>Interrogatories Numbered 1, 2, and 13 and Requests for Production Numbered 12 and 23</u>

Homier objects to Plaintiffs' interrogatories numbered 1, 2, and 13, as well as requests for production numbered 12 and 23, as irrelevant.  No further explanation is given except that Homier occasionally claims some requests are also overbroad.

2

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)). Given the broad scope of relevancy for discovery, Homier is fighting an uphill battle by merely claiming the discovery Plaintiffs seek is not relevant.

In interrogatory 1, Plaintiffs ask Homier to identify each and every individual who has performed labor for Homier within three years prior to the filing of Plaintiffs' complaint.  In interrogatory 2, Plaintiffs ask Homier to identify all formerly employed managers in Plaintiffs' job classification.  Clearly, an answer to these question may lead to relevant evidence.  The main issues are whether Plaintiffs were properly denied overtime pay and whether the FLSA applies.  The job duties, hours worked, and responsibilities of Plaintiffs and other Homier workers are relevant to resolving these issues. Other Homier employees and former Homier managers may have information regarding the work performed for Homier, Plaintiffs' work duties or hours, or any distinction between Plaintiffs' jobs responsibilities and other Homier employees.  Homier's response is that this request does not provide the best evidence regarding Plaintiffs' job duties.  However, the Fed. R. Civ. P. 26 standard does not require the best evidence.  It only requires that a discovery request lead to relevant evidence.  As a consequence, Homier's argument is without merit.

In interrogatory 13 and in request for production 23, Plaintiffs ask Homier to identify all prior and current wage lawsuits or legal proceedings in which Homier was a party, and Plaintiffs ask Homier to produce documents associated with such legal actions. Again, this information is relevant or likely to lead to relevant evidence. Plaintiffs may become aware of other witnesses whom would testify regarding the work performed for Homier, Plaintiffs' work duties, or any distinction between Plaintiffs' jobs responsibilities and other Homier employees.

In request for production 12, Plaintiffs seek all documents concerning any complaints filed against Homier for failure to pay overtime. This information is also relevant. Evidence of other people filing complaints against Homier for the same reasons Plaintiffs have filed this lawsuit may suggest Homier engaged in a pattern or practice of unlawful behavior.

Because Plaintiffs' requests meet the relevancy requirements of Fed. R. Civ. P. 26, Homier must articulate some other reason or explanation for why discovery should be limited. Fed. R. Civ. P. 26(b)(2)(C) provides several reasons for why discovery should be limited, such as discovery being repetitive or burdensome to produce. However, Homier claims that the requests are "overbroad" without an explanation of how or why. This claim does not allow this Court or the Plaintiffs to determine if Homier is making an argument pursuant to Fed. R. Civ. P. 26(b)(2)(C) let alone whether it applies. Homier has the duty under Fed. R. Civ. P. 33(b)(4) and 34(b) to state objections with specificity. See also Day v. Hill, 2007 WL 1970955 at 3 (N.D. Ind. 2007); Bouwkamp v. CSX Corp., 2007 WL 129033 at 2 (N.D. Ind. 2007). This Court warned Homier in its June 7, 2007, order that objections must be specific. Homier, though, chose to ignore this Court's warning. Consequently, because Homier has not provided a specific objection, this Court finds no reason to limit discovery pursuant to Fed. R. Civ. P. 26(b)(2)(C) or

otherwise.  Plaintiffs' motion to compel answers to interrogatories numbered 1, 2, and 13, as well as requests for production numbered 12 and 23 is **GRANTED**.[2]  Homier shall answer Plaintiffs' interrogatories and comport with Plaintiffs' requests for production.

>    2.    Interrogatory Number 10 and Requests for Production Numbered 10, 28, 29, and 30

In interrogatory number 10, Plaintiffs seek the names of attorneys or individuals who have provided advice to Homier concerning its pay methods.  In requests for production numbered 10, 28, 29, and 30, Plaintiffs seeks documents regarding the reviews, investigations, or opinions pertaining to the legality of Homier's non payment of overtime.  Homier claims it does not have to answer these interrogatories or produce these documents  because they are protected by the attorney-client privilege.

The attorney-client privilege protects communications made in confidence by a client to his attorney in the attorney's professional capacity for the purpose of obtaining legal advice. Jenkins v. Bartlett, 487 F.3d 482, 490 (7th Cir. 2007).  Plaintiffs originally argued that pursuant to McLaughlin v. Lunde Truck Sales, Inc., 714 F. Supp. 916 (N.D. Ill. 1989) Homier had waived the privilege because it was relying on the good faith defense under 29 U.S.C. § 201 et seq.  In its response, Homier indicated that it abandoned reliance on the good faith defense when it filed its amended complaint.  Plaintiffs do not dispute that Homier no longer relies on the good faith defense.  However, Plaintiffs still claim that Homier has waived the attorney-client privilege

---

[2]With request for production numbered 31, Homier again claims the request is irrelevant, but Homier also claims that no documents exist that comply with that request.  This Court cannot compel Homier to produce documents that do not exist.  However, if Homier discovers that documents exist that satisfy this request, then Homier is expected to comply with that request in a reasonable and timely manner.

because it has implicated a statute of limitations defense that requires Plaintiffs to establish that Homier knew or showed reckless disregard of the law in failing to pay overtime wages to Plaintiffs.[3]  Regardless, this Court cannot resolve these arguments because Homier has failed to provided a privilege log.

Again the full extent of Homier's response is that the attorney-client privilege applies. Under Fed. R. Civ. P. 26(b)(5)(A),

> [w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged . . . the party shall make the claim expressly and shall **describe the nature of the documents, communications, or things not produced or disclosed** in a manner that . . . will enable other parties to assess the applicability of the privilege.

(emphasis added).  The privilege log enables the parties to assess the applicability of the privilege.  Rittacca v. Abbot Lab.s, 203 F.R.D. 332, 336 (N.D. Ill. 2001).  It also allows this Court to analyze the applicability of the privilege.  Failure to produce the privilege log is considered a waiver.  Id.; GSI Gropu, Inc. v. Sukup Mfg. Co., 2007 WL 853959 at 2 (C.D. Ill. 2007); Peterson v. Farrakhan, 2005 WL 2465254 at 2 (N.D. Ind. 2005); Smithkline Beecham Corp. v. Apotex Corp., 193 F.R.D. 530, 534 (N.D. Ill. 2000) ("Failing [to provide an adequate log], the documents must be produced.").

Homier admits that it has not provided a log.  This Court cannot envision how the meet and confer could have been constructive without a log.  This Court certainly cannot determine whether the privilege applies without more knowledge about the specific discovery in question, so it is perplexed how the parties could have determined whether and to what extent the privilege

---

[3]Normally, the statute of limitations for an FLSA action is two years, but a three year statute applies to willful violations.  29 U.S.C. § 255(a). Some or all of the Plaintiffs' claims are implicated by the three year statute of limitations.

applied without this log during the meet and confer. Regardless, Plaintiffs argue that Homier's failure to provide a log warrants granting the motion to compel. Homier only responds that it is ready and willing to provide a log now. Simply put, it is too late. Plaintiffs were already forced to file a second motion to compel. Any benefit the log could have provided before this dispute no longer exists. Homier had an affirmative duty to provide the log. Furthermore, this Court gave Homier a second chance to provide the log when it denied Plaintiffs' first motion to compel without prejudice. Homier has waived any claim to the attorney-client privilege with Plaintiffs' current discovery requests. Plaintiffs' motion with regards to interrogatory number 10 and requests for production numbered 10, 28, 29, and 30 is **GRANTED**.

### B. Plaintiffs' Motion for a Protective Order

Plaintiffs seek protection regarding a variety cost shifting issues. First, Plaintiffs seek to require Homier to provide Plaintiffs with one week's notice before it subpoenas any of Plaintiffs' present or past employers. Second, Plaintiffs seek to have Homier bear certain costs of discovery.

#### 1. Plaintiffs' Request for One Week's Notice

Plaintiffs seek to limit the freedom with which Homier may use Fed. R. Civ. P. 45 to subpoena discovery from Plaintiffs' current or past employers. Fed. R. Civ. P. 26(c) provides that ". . . the court . . . may make any order . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Plaintiffs argue that their current employers may retaliate against them if they attain knowledge via a subpoena from Homier that Plaintiffs are suing a past employer.

This motion is not a motion to quash a subpoena. In fact, Plaintiffs do not claim that any subpoenas have been issued to their past or present employers. Consequently, Plaintiffs speculate that a subpoena will be issued to its past and current employers and that it will create a speculative result of retaliation. Plaintiffs offer no proof other than their subjective fears that a subpoena to their past or present employers is annoying, embarrassing, oppressive, or unduly burdensome. While this Court appreciates Plaintiffs' fears, they are nothing more than unsubstantiated fears based on a dispute that is not ripe. Plus, as Homier points out, under 29 U.S.C. § 215(a)(3), it is unlawful for any person to discharge or discriminate against another because that person filed a complaint or instituted a legal proceeding. As a consequence, it is not as though Plaintiffs are completely devoid of a remedy if their speculative fears come true. Finally, Plaintiffs can always seek Court intervention in the future if they can establish existence of the  the Fed. R. Civ. P. 26(c) requirements more concretely. Because Plaintiffs' speculation does not satisfy the Fed. R. Civ. P. 26(c) requirements, Plaintiffs' motion for a protective order regarding future subpoenas is **DENIED**.

2.      Plaintiffs' Request to Shift Costs

Plaintiffs ask this Court to require Homier to pay for the current costs that are due for the production of some documents Homier provided Plaintiffs. Plaintiffs also ask that Homier produce documents in the most cost effective manner in the future, and Plaintiffs ask that Homier provide Plaintiffs with copies of the deposition transcripts Homier takes in the future.

There is a presumption that the responding party must bear the expense of complying with discovery requests. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978); Wiginton v. C.B. Richard Ellis, Inc., 229 F.R.D. 568, 571-72 (N.D. Ill. 2004); Hagemeyer

8

N.Am. Inc. v. Gateway Data Sciences Corp., 222 F.R.D. 594, 600 (E.D. Wis. 2004).  However, when the request violates the Fed. R. Civ. P. 26(b)(2)(C) proportionality test, the Court may condition discovery on the requesting party's payment of costs for production.  Oppenheimer Fund, Inc., 437 U.S. at 358; Wiginton, 229 F.R.D. at 572; Hagemeyer N. Am., Inc., 222 F.R.D. at 600.

   Homier has agreed to provide Plaintiffs with some discovery, but Homier will only provide Plaintiffs with the discovery if they pay $317.15 in production fees.  Plaintiffs seek a protective order requiring Homier to bear its own costs with the current discovery and future discovery.  Homier makes no argument that the discovery Plaintiffs seek is unduly burdensome or excessive in terms of costs.  As a result, the general presumption that Homier, the responding party, bear its own costs applies.

   Homier claims it generously charged Plaintiffs only 15 cents per copy rather than its normal 25 cent rate.  However, Homier has no right to charge Plaintiffs any costs in responding to discovery requests absent leave of this Court or an agreement between the parties.  The discovery process is not a vehicle by which to earn a profit.  Because Homier was to bear its on costs, Plaintiffs' motion with regards to the current costs is **GRANTED**.  Homier shall bear the expense for the discovery it has produced.

   With regards to any future costs, Homier may decide to provide Plaintiffs with discovery in whatever format it chooses.  Logic would seem to suggest Homier would provide Plaintiffs with discovery in electronic format if that is the least expensive option.  This Court is confident that Homier will seek the most inexpensive means of production now that this Court has clarified who generally bears the cost of production in discovery.  Therefore, this Court declines to issue a

9

blanket order at this time.  Plaintiffs' motion for a protective order regarding all future costs is **DENIED**.

Finally, Plaintiffs ask that Homier be required to provide Plaintiffs with a deposition transcript of any deposition Homier takes.  The parties do not indicate that any depositions have taken place.  Also, Plaintiffs are not demanding a transcript from any particular deposition.  Simply put, this dispute is not ripe for this Court to issue a ruling.  When and if the Plaintiffs decide they need a copy of a deposition transcript in Homier's possession, Plaintiffs can seek court intervention at that time after the parties attempt to resolve the dispute on their own.  But this Court will not simply "shoot from the hip" on a speculative dispute with unknown facts and circumstances.  Plaintiffs' motion for a protective order regarding future depositions is **DENIED**.

  C. <u>Costs</u>

Plaintiffs also requests that Homier be assessed Plaintiffs' costs for bringing this motion.  Because Homier has been compelled to comport with Plaintiffs' motion to compel, an award of costs under Fed. R. Civ. P. 37(a)(4)(A) is appropriate.  This is not a situation where Homier had a legitimate objection to Plaintiffs' requests.  Homier provided vague and inappropriate responses, and then Homier continued to use those responses after this Court warned Homier in its previous order that objections must be specific.  Also, Homier continually failed to support its claims that privileges applied by not  providing a privilege log.  Homier's deliberate failure to follow the clear mandates of the Federal Rules has resulted in unnecessary delay and excessive costs to Plaintiffs.

Plaintiffs' motion for costs is **GRANTED** and the Court now grants counsel for Plaintiffs till **September 21, 2007**, to submit a bill of costs and attorney's fees associated with bringing the motion to compel.  Homier shall have **ten (10)** days following any submission of a bill of costs and fees by Plaintiffs to object.  This Court will then make an appropriate award pursuant to Fed. R. Civ. P. 37(a)(4)(A).

### III.   CONCLUSION

For the reasons stated, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART** [Doc. No. 32].  Plaintiffs' motion to compel is **GRANTED**.   Plaintiffs' motion for a protective order regarding subpoenas is **DENIED**.  Plaintiffs' motion for a protective order regarding costs for discovery with which Homier has already provided Plaintiffs is **GRANTED**, but Plaintiffs' motion for a protective order regarding future costs and deposition transcripts is **DENIED**.  Plaintiffs' motion for costs is **GRANTED** and the Court now grants counsel for Plaintiffs have till **September 21, 2007**, to submit a bill of costs and attorney's fees and Homier shall have **ten (10)** days following any submission of a bill of costs and fees by Plaintiffs to object.

**SO ORDERED.**

Dated this 24th Day of August, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
