UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LISA GRANT and<br>SHIRLEY MONTGOMERY,<br><br>      Plaintiffs,<br><br>      v.<br><br>HOMIER DISTRIBUTING COMPANY, INC.,<br>d/b/a HOMIER MOBILE MERCHANTS, and<br>CHARLES HOMIER,<br><br>      Defendants. | Case No. 3:07-CV-116 JVB |

**OPINION AND ORDER**

**A.**    **Background**

    Defendant Homier Mobile Merchants is a business that sells tools and other merchandise at traveling sales shows which are conducted in tents set up in large parking lots. Plaintiffs Lisa Grant and Shirley Montgomery are two of Homier's employees.

    On August 18, 2006, the Plaintiffs filed a complaint in the Eastern District of New York against Homier Mobile Merchants and Charles Homier under the Fair Labor Standards Act, alleging that they did not pay Plaintiffs or any other members of the Defendants' sales crew at a rate of time-and-a-half their regular rate for all hours worked over forty hours in a workweek. On October 31, 2006, before this case was transferred to the Northern District of Indiana, the Plaintiffs moved for a collective action certification. The Plaintiffs sought to include in this case "all persons who worked in the defendant's traveling sales crews whose job duties consisted of working inside the sales tent, stocking shelves, setting up and tearing down floor displays and working cash register**s**, and who did not work as part of the crew loading and securing products

in the defendant's trucks." (DE 25–4 at 2.) For various reasons, however, the motion remained pending for some time. The motion remained pending even after the case was transferred to this district. Consequently, shortly after this case was reassigned to this Court in November 2007, the Plaintiffs noted to the Court that they were withdrawing their motion for collective action certification because they believed that the period for new plaintiffs to opt-in had been foreclosed by the two-year statute of limitations.

However, the Plaintiffs are now asking that the Court reinstate their motion for collective action certification, albeit with some limitations. The Plaintiffs base their request on the information gained from the deposition testimony of Mr. Homier from whom they learned that Homier Mobile Merchants continues not to pay their Sales Partners for the time they spend traveling to the first show and back again from the last show. With their motion, the Plaintiffs attached a proposed collective action notice. (*See* Pfs.' Ex. C; DE 65–3.)

The Defendants object to the Plaintiffs' motion and argue that the Plaintiffs are wasting the Court's time as the Plaintiffs' claims have been foreclosed by the statute of limitations.

The Court is not persuaded by the Defendants. The Plaintiffs have made it clear that their renewed request for collective action certification is much narrower than the original one. Insofar as the collective action is concerned, the Plaintiffs are limiting their claims only to the issue of whether the employees traveling to the first show and back again from the last show should have been compensated. Since Mr. Homier testified that this practice continues to this day, those claims are not foreclosed by the statute of limitations, and the Court will allow the Plaintiffs to reinstate their October 31, 2006, motion for collective action certification (DE 25).

Moreover, the Court will certify the collective action. The strict requirements of Federal

Rule of Civil Procedure 23 do not apply to Fair Labor Standards Act collective actions. 29 U.S.C. § 216(b). Under § 216(b) collective actions, the requirements of numerosity, typicality, commonality and representativeness are not in issue. Rather, there is only a threshold issue of whether the group is "similarly situated." § 216(b). Here, the Court finds that the employees—namely, Sales Partners— who were not paid for traveling to the first show and back again from the last show are similarly situated to the Plaintiffs, and they may proceed against the Defendants in a collective action suit, if they so choose.

**D.     Conclusion**

For these reasons, the Court grants the Plaintiffs' motion to reinstate their October 31, 2006, motion for a collective action certification (DE 56). In addition, the Court grants the Plaintiffs' October 31, 2006, motion insofar as it requests certification of the collective action on behalf of all of the Defendants' Sales Partners.

Following the issuance of this order, the Court will set a scheduling teleconference for the remainder of this case.[1]

SO ORDERED on May 27, 2008.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

---

[1] But for the inclusion of the wrong court in the Plaintiff's proposed notice of the collective action, the Court would have approved the notice as well. The Plaintiffs should file a corrected notice in time for the Court to review it before the teleconference.